WEAVER'S EXECUTORS vs. WEAVER'S CREDITORS.

1. An estate having been reported insolvent, and notice given to creditors to file their claims against it, under the law existing previous to the act of 1843, and no other proceedings being had until after the passage of that act, it is error for the court to proceed at once to a settlement with the executors, against their objection.

2. The next step in the proceedings should be, the appointment of a day for the executors to settle, and notifying the creditors to attend; on that day the court should proceed to settle with the executors, and the creditors to choose an administrator *de bonis non*, and thenceforward all the proceedings should conform to the act of 1843.

ERROR to the Court of Probate of Madison.

The facts shown by the record in this case are identical with the facts in the case of Steele v. Weaver's Executors, (see page 540) and it is therefore unnecessary to repeat them here. The record here also shows, that the executors moved the court to take up the several claims which had been filed against the estate, and especially those to which objections had been filed, and to pass upon such objections, and the validity of said claims, and to allow or disallow them, before requiring the executors to settle their accounts with the estate. The creditors resisted this motion, and insisted that the estate had not been properly reported or declared insolvent, and that the court could not settle the contests between the creditors until the executors should settle their accounts, " they having been cited to do so." The court decided that it would then settle the executors' accounts, before taking up the contested claims. The executors appealed from this decision, and now assign it for error.

The proceedings are entitled " In the matter of the final settlement of Fleming Jordan, executor, Matthew H. Bone, in right of his wife executor, and Martha H. Bone, executrix, of Geo. I. Weaver, deceased;" but the record does not anywhere show that the executors had been cited to make settlement of their accounts, except by the recital in the bill of exceptions, " they having been cited to do so."

JAMES ROBINSON and R. C. BRICKELL, for plaintiffs in error :

The estate having been reported insolvent prior to the act of 1843, all the proceedings had before the passage of that act must be governed by the law then in force. Martin v. Baldwin, 7 Ala. 923. The court, finding the estate so reported insolvent, took it up at that point, and had no power to do anything further, than to give notice to creditors, and compel a settlement. In doing this, it had to be governed by the

law of 1843, so far as it was applicable. Under that law, the court could not compel the executors to make a final settlement, until the claims of creditors had been passed upon and allowed. Clay's Digest 194, §§ 11, 12.

In this case, the court had no power to order a settlement under the fifth section of the act of 1843; because it was already reported insolvent when that law was passed, it had been properly reported insolvent under the old law. Lambeth and wife v. Garber, 6 Ala. 671; Clarke v. West, 5 ib. 117.

WM. COOPER and D. C. HUMPHREYS, *contra:*

1. To show that, under the state of facts disclosed by the record, the act of 1843 forms the rule of action for the Court of Probate, see 12 Ala. 494; 7 ib. 923; 10 ib. 915.

2. It was the duty of the court, as there were some contested claims, and others which were not denied, to go into an accounting with the executors; and on such statement of the accounts, to distribute to those creditors whose claims were not denied, their respective *pro rata* shares, retaining in the hands of the administrators sufficient to satisfy the contested claims, in the event they should be allowed. There was no reason, and no law, for withholding their *pro rata* share of the assets, from those creditors whose claims were not contested, until the contested claims were settled. The event of those contests could not affect them, except on the future orders of distribution. If all the claims were allowed, there would be nothing further to distribute to them; if all were disallowed, the residuum would have been distributed by further order. 8 Ala. 457.

Again: it never was imperative on the court to decree distribution on the final settlement; and an administrator could always be constrained to make final settlement, or annual settlements, and on failure might be removed. An administrator might be removed, and made to settle up before the expiration of eighteen months, the time when the right of distribution would accrue; whatever would be good cause of removal from office, would be good reason to compel a settlement. The amount in the administrator's hands may be ascertained at one term, and distribution made at another term. 4 Porter 124; 9 Ala. 497.

Before the act of 1843, it was discretionary with the court to cause the administrator to settle before distribution; after the passage of that act, we do not think it was in the discretion of the court, to permit the administrator to retain all the funds in his hands until the contested claims were settled, but the court was in duty bound to decree at least a partial distribution of the assets among the creditors whose claims were not contested.

PHELAN, J.—In this case, which was submitted at the same time with the case of Steele v. Weaver's Executors, the question of law arises upon the same state of facts. Here the question was, whether, after the notice had been given for creditors to file their claims, the court should first proceed to settle the accounts of the executors, or to hear and determine objections which had been made to the allowance of certain claims which had been filed. The court decided that it would then proceed with the settlement with the executors, against their objection. This was an error, agreeably to the views taken in the case of Steele v. Weaver's Executors, for which the decision of the court below must be reversed in this case also, and the cause remanded. It was not proper to do either just then. All the proceedings, after notice had been given for creditors to file their claims, must conform to the act of 1843; and, as we decided in the former case, the first thing next to be done was, for the court to appoint a day for the executors to settle, and to give notice for creditors to attend. Then, on that day, the court should proceed to settle with the executors, and the creditors to choose an administrator *de bonis non;* and thenceforward all the proceedings should conform to the law of 1843.